FFICES OF
DONNA NEWMAN
20 Vesey Street
Suite 400
New York, NY 10007
TEL (212) 229-1516 ● CEL: 201-306-4369
FAX (212) 593-1844
donnanewmanlaw@aol.com admitted in N.Y. and N.J.

August 24, 2026

Via ECF & Email

**MEMO ENDORSEMENT**

The Honorable Laura T. Swain
Chief United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: United States v. Thomas, 26 cr233 (LTS)
26 cr 233 (LTS)

Dear Chief Judge Swain;

I am writing seeking a court order compelling the Government to immediately produce to the defense all Rule 16 discovery that the Government has not labeled as Attorney Eyes Only or Attorney Possession Only. To date I have not received any discovery.

Th hold-up in discovery production centers around the parties disagreement regarding the language in a provision in the proposed Protective Order ("PO") concerning defense counsel's use of Artificial Intelligence (AI) platforms in its review of discovery provided by the Government. The parties have been engaging in good faith negotiations for over a month regarding the appropriate language to be included in the PO and whether the AI obligations set forth in that provision limits defense counsel, the coordinating discovery attorney ("CDA"), and the Government. Proposals have been sent back and forth, the latest of which was provided to the Government on August 19, 2026, and was based on discussions between the Government, defense counsel and Emma Greenwood, Esq., who is appointed as the CDA in this case.[1]

The Government is holding hostage the discovery until defense counsel executes the PO. We seem to be at an impasse. However, even though all parties are acting in good faith, the Government's refusal to even release the discovery that is otherwise not covered by the PO is

[1] Her appointment as the CDA in this case was after defense counsel and the Government began discussions regarding the PO.

unacceptable. I am well aware of my ethical obligations on the use of AI in handling my client's documents whether those documents are discovery or something other. The Government does not have a role in policing or overseeing or even dictating with my ethical obligations. Similarly, I trust the Government is familiar with their ethical obligation with respect to the use of AI as it relates to my client's discovery.

Accordingly, while I remain optimistic that counsel and the Government will reach an agreement on the language of an AI provision in the PO, until such time as we do, I respectfully request the Court compel the Government to at least provide the defense with all non-sensitive Rule 16 discovery immediately.

Respectfully,
/s/
Donna R Newman
Cc: All Counsel of Record via email and ECF

The Court has reviewed the foregoing request to direct the immediate production of all "non-sensitive Rule 16 discovery immediately," without the entry of any protective order. That request is denied. The Government's proposed protective order characterizes all discovery materials as "disclosure materials" and subjects all discovery material (whether it is designated for further restrictions as "attorneys eyes only" or "attorney's possession only" or not) to restrictions on, inter alia, further disclosure and use other than for purposes of the defense of the charges, as well as the AI-specific restrictions of which defense counsel complains. (Docket entry no. 29-1.) In short, based on the Government's broad definition and description of "disclosure materials," there does not appear to be any "non-sensitive Rule 16 discovery" that the Government would be prepared to produce without restrictions on use and further dissemination.

The Government's request in its response (docket entry no. 29) that the Court enter the proposed protective order, to which it appears the defense has not consented at all, is also denied. The parties and the Coordinating Discovery Attorney are encouraged to continue to meet and confer to clarify the Government's position as to whether there is any discovery material that is not within any of the categories described in the final sentence of paragraph 1 of its proposed order, and to clarify the defense's position as to whether it believes its ethical obligations already preclude its use of AI tools that would subject the discovery material to disclosure and/or use that is incompatible with the general restrictive principles that are outlined in paragraph 5 of the proposed protective order.

The Court will hold a pretrial conference on **Wednesday, September 9, 2026 at 11am** concerning the discovery dispute if the parties have not resolved their differences by that time. The parties shall file a joint status report on this issue by **Tuesday, September 8, 2026 at 12pm**.

This endorsed order resolves docket entry no. 28.

SO ORDERED.

August 26, 2026

/s/ Laura Taylor Swain, Chief USDJ